OPINION
{¶ 1} Defendant-Appellant Jennifer Arnold appeals from a decision of the trial court modifying her ordered visitation with her daughter. For the following reasons, the judgment of the trial court will be affirmed.
 {¶ 2} Arnold and Plaintiff-Appellee, Dontay Hodge, have one child together, Briana Hodge, born March 9, 1995. By agreed entry dated July 17, 2003, the parties entered into a shared parenting plan whereby Hodge was designated as the residential parent although the child actually spent approximately equal time in each of her parents' households.
 {¶ 3} On February 9, 2004, Hodge filed a motion to terminate the shared parenting agreement primarily because Briana was experiencing numerous instances of being tardy for school. Arnold responded by filing a motion for legal custody. On August 11, 2004, a magistrate overruled both motions but modified the order of visitation ordering that during the school year Briana is to live with her father during the week and every other weekend. Arnold was granted visitation every other weekend. During school vacations, the parties were ordered to revert to the previous order of visitation. Both parties filed objections to the decision. The trial court affirmed the modified order of visitation but remanded the case for recalculation of child support. Arnold filed a timely notice of appeal.
 {¶ 4} Arnold's sole assignment is as follows:
 {¶ 5} "The magistrate erred in modifying the shared parenting agreement to modify visitation."
 {¶ 6} In her only assignment of error, Arnold contends that the trial court erred when it ordered that Briana live with her father during the week during the school year rather than continuing to split her time between her parents' homes. Specifically, Arnold insists that her failure to consistently get Briana to school on time should not have warranted the change in custody. We disagree.
 {¶ 7} Ohio Revised Code § 3109.04(E)(2)(c) allows a court to terminate or modify a shared parenting plan "if it determines . . . that shared parenting is not in the best interest if the children." The Ohio Supreme Court has held that "there must be a change of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997),77 Ohio St.3d 415, 674 N.E.2d 1159.
 {¶ 8} In addition to other concerns, the report of the guardian ad litem revealed numerous tardies and several absences. The testimony supported this information. The guardian ad litem recommended a modified order of shared parenting whereby the mother would be granted a standard order of visitation. As the trial court noted, the modification would ensure that Briana's education would be a priority, and thus be in the child's best interest.
 {¶ 9} We find that after a thorough review of the record, the trial court had before it competent, credible evidence by which it found that there was compelling reason to modify the visitation schedule. Thus, the judgment of the trial court was not against the manifest weight of the evidence, and we hold that it is in the best interest of Briana to maintain the visitation schedule as ordered by the trial court.
 {¶ 10} Arnold's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Brogan, P.J. and Fain, J., concur.